UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80068-ROSENBERG/REINHART

HOWARD COHAN,

    Plaintiff,
v.

HOST 110 ATLANTIC AVE LLC,
d/b/a AVALON,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Default Judgment [DE 12]. The Court has considered the Motion, the record in this case, and is otherwise duly advised in the premises. For the reasons discussed below, the Motion is **GRANTED** as to liability, **GRANTED IN PART AND DENIED IN PART** as to injunctive relief, and **DENIED WITHOUT PREJUDICE** as to the attorney's fees and costs sought by Plaintiff.

### I. LEGAL STANDARD

Under Florida law, "A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default." *In re Stewart*, 280 B.R. 268, 284 (M.D. Fla. 2001) (quoting *Myer v. Myers*, 652 So. 2d 1214, 1216 (Fla. Dist. Ct. App. 1995)). "It operates as an admission of truth of the well pleaded allegations of the pleading . . . It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inference will be made from the pleadings, but forced inferences will not." *Id.* A default does not, however, admit allegations regarding damages. *Id.*; *see also Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1336 (M.D. Fla.

2010) ("While a defaulted defendant admits well-pleaded allegations of liability, allegations regarding the amount of damages are not admitted by virtue of default."). "Default judgments entered under Florida law only admit to a plaintiff's entitlement to liquidated damages, those damages that can be determined with exactness from the cause of action as pleaded, such as a pleaded agreement between the parties, pleadings susceptible to an arithmetical calculation, or by application of definite rules of law." *Loos*, 684 F. Supp. 2d at 1336.

## II.     BACKGROUND

On January 19, 2024, Plaintiff Howard Cohan filed this action against Defendant Host 110 Atlantic Ave LLC pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq. ("ADA"). *See* DE 1.  Defendant was served with process on January 23. DE 7.  A responsive pleading was therefore due on February 13, and the Clerk entered a default as to Defendant on February 20. DE 13.  Under the Court's Order on Defaults at docket entry 5, the deadline for Plaintiff to file a motion for default judgment is seven days rom the entry of default. DE 5 at 2.  However, Plaintiff did not file a motion for default judgment by February 27.  Therefore, on February 28, the Court entered an Order requiring Plaintiff to either show cause why this case should not be dismissed for lack of prosecution or move for default judgment by March 5. DE 11. Plaintiff subsequently filed the instant Motion on March 5. DE 12.  As of the date of this Order, Defendant has filed nothing in this action.

Plaintiff's Complaint alleges the following. Plaintiff is an individual with numerous permanent disabilities that cause severe pain and substantially limit Plaintiff's major life activities. DE 1 ¶ 7. Defendant is the lessee, operator, owner, and lessor of the property located at 110 E Atlantic Ave., Delray Beach, Florida 33444 ("Premises"). *Id.* ¶ 5.  Plaintiff visited the Premises

2

on December 17, 2021. *Id.* ¶ 8.  At the time of Plaintiff's visit, Plaintiff required the use of, but was denied full and equal access to, the facilities, services, goods, and amenities withing the Premises. *Id.*

On or about March 4, 2022, Plaintiff filed a lawsuit against Defendant seeking to force Defendant to comply with the ADA. *Id.* ¶ 10.  The parties entered into a Settlement Agreement and Release on April 14, 2022. *Id.* ¶ 12.  The Settlement Agreement required Defendant to complete all modifications to the Premises by April 14, 2023. *Id.* ¶ 13.  Defendant has failed to complete the required modifications or give notice of any reasons or documentation for noncompliance. *Id.* ¶ 14.

On September 9, 2023, Plaintiff visited the Premises again. *Id.* ¶ 15.  At the time of this visit, Plaintiff again required the use of, but was denied full and equal access to, the facilities, services, goods, and amenities withing the Premises. *Id.* ¶ 16.  Plaintiff intends to return to the Premises to avail himself of the goods and services offered but is prevented from doing so by these barriers to access. *Id.* ¶ 17-18, 20.  Plaintiff seeks the following relief in his Motion: (1) an order declaring that the Premises are in violation of the ADA; (2) injunctive relief requiring Defendant to alter the Premises to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and rectifying Defendant's ADA violations within six months;[1] (3) an order declaring that Defendant is in breach of the Settlement Agreement and Release; (4) injunctive relief directing Defendant to evaluate and eliminate its policies, practices, and procedures toward persons with disabilities within six months; (5) reasonable attorneys' fees

---

[1] Plaintiff has described in detail the necessary modifications in his Complaint and in the Motion for Default Judgment. *See* DE 1, DE 12.

and costs, upon future motion filed by Plaintiff; and (6) further relief as the Court deems necessary. DE 12 at 7-10.

### III.     LIABILITY AND INJUNCTIVE RELIEF

Plaintiff's Complaint includes two claims: (1) violations of the ADA; and (2) breach of contract. The Court addresses each in turn.

*A.     ADA Violations*

Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability . . . by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Such discrimination includes a private entity's "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA creates a private right of action and empowers the federal courts to grant injunctive relief, including orders "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [Title III]." 42 U.S.C. § 12188(a)(1)-(2).  "In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: 1) that he or she is an individual with a disability; 2) that defendant is a place of public accommodation; and 3) that defendant denied him or her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant on the basis of his or her disability." *Larsen v. Carnival Corp.*, 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003).  By virtue of the default, the Plaintiff has proved each element of a Title III claim.

As for the relief sought, under Federal Rule of Civil Procedure 65(d), "every injunction [must] state in specific terms and reasonable detail the conduct that it restrains or requires." *Garrido v. Dudek*, 731 F.3d 1152, 1159 (11th Cir. 2013).  In the Eleventh Circuit, courts "determine the propriety of an

4

injunctive order by inquiring into whether the parties subject thereto understand their obligations under the order." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1203 (11th Cir. 2001).  Here, Plaintiff has stated in detail the modifications requested to the Premises in his Motion. *See* DE 12 at 8-10.  Therefore, he is entitled to injunctive relief requiring modification of the premises.  However, Plaintiff has also requested that the Court order Defendant to evaluate and eliminate its policies, practices, and procedures toward persons with disabilities.  The Court declines to enjoin Defendant with this broad and ambiguous directive.

      B.     *Breach of Contract*

"The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law." *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985).  Under Florida law, a breach of contract claim includes the following elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Rauch, Weaver, Norfleet, Kurtz & Co., Inc. v. AJP Pine Island Warehouses, Inc.*, 313 So. 3d 625, 630 (Fla. Dist. Ct. App. 2021).

Plaintiff has sufficiently alleged that the Settlement Agreement was negotiated between Plaintiff and Defendant, on or about April 14, 2022, and has attached an executed copy of the settlement agreement. *See* DE 1 ¶ 12; *see generally* DE 1-1.  Plaintiff alleges that he has completed all conditions precedent to be performed by him under the Agreement. DE 1 ¶ 48.  However, Defendant failed to provide the agreed-upon modifications pursuant to the Settlement Agreement and has therefore failed to correct the agreed-upon violations under ADA guidelines. *See generally* DE 1-1; DE 12-2.  Accordingly, Defendant has breached the agreed-to terms and conditions of the Settlement Agreement and Release.  Again, however, the Court declines to grant injunctive relief requiring Defendant to evaluate and eliminate its policies, practices, and procedures toward persons with disabilities.

## IV. ATTORNEY'S FEES AND COSTS

The ADA provides: "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205.  Plaintiff requests the Court award reasonable attorneys' fees and costs to be established by future motion filed by Plaintiff. DE 12 at 10.  Therefore, the Court denies without prejudice Plaintiff's request for attorneys' fees and costs in the instant Motion and directs Plaintiff to file a separate motion for attorneys' fees and costs.

## V. CONCLUSION

Based on the above analysis, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Entry of Default Judgment [DE 12] is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **GRANTED** insofar as the Court declares that the Premises are in violation of the ADA, Defendant is in breach of the Settlement Agreement and Release, and Defendant is ordered to alter the Premises to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and rectifying Defendant's ADA violations within six months.

3. The Motion is **DENIED** insofar as Plaintiff requests injunctive relief directing Defendant to evaluate and eliminate its policies, practices, and procedures toward persons with disabilities within six months.

4. The Motion is **DENIED WITHOUT PREJUDICE** as to attorneys' fees and costs.

5. The Court will enter a separate final judgment consistent with this Order.

6. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case. All deadlines and hearings are terminated, and all other pending motions are denied as moot.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of May, 2024.

                                                            *[signature]*

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE